UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PARTIALLY IMPORTANT PRODUCTIONS
LLC,

        Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
JUSTICE et al.,

        Defendants.

Civil Action No. 23-2145 (CRC)

## NOTICE OF RELATED CASE

Defendants the Department of Justice (the "Department"), the Department of Homeland
Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS"), pursuant to Local
Civil Rule 40.5(a), file this notice of related case to alert the Court that the same Plaintiff that
brought the instant Freedom of Information Act ("FOIA") action also filed a factually-overlapping
FOIA civil action currently pending in front of Judge Chutkan. *See Partially Important Prods. LLC
v. USCIS*, Civ. A. No. 21-2169 (TSC) ("*Partially Important Prods. I*"). In that earlier-filed case,
Plaintiff Partially Important Productions LLC sued USCIS concerning Plaintiff's January 24,
2020, FOIA request relating to USCIS's use of a Lee Greenwood song, "God Bless the USA," at
USCIS's naturalization ceremonies.  *See Partially Important Prods. I*, Compl. ECF No. 1.

In the instant action, Partially Important Productions LLC has sued USCIS, the Department
of Justice, and DHS concerning an April 19, 2023 request to USCIS seeking the same category of
records at issue in *Partially Important Prods. I. Compare* Compl. ¶ 1 ("Plaintiff PARTIALLY
IMPORTANT PRODUCTIONS, LLC brings this suit to force Defendants to comply with
Plaintiff's FOIA requests and release documents, contracts, and other records regarding USCIS's

use of 'God Bless the USA' at its naturalization ceremonies."), *with Partially Important Prods. I*, Compl. ¶ 1, ECF No. 1 ("Plaintiff Partially Important Productions, which produces HBO's Last Week Tonight with John Oliver ('Last Week Tonight'), brings this FOIA action to enjoin USCIS from continuing to improperly withhold agency records responsive to a FOIA request submitted by an employee of Partially Important Productions on January 24, 2020 (the 'Request'). This Request sought documents concerning settlement negotiations between the musician Lee Greenwood ('Mr. Greenwood') and USCIS over USCIS' alleged copyright infringement of Mr. Greenwood's song, God Bless the USA."). Although the requests are not completely identical, in fact in *Partially Important Prods. I*, USCIS conducted additional searches to satisfy Plaintiff's concerns regarding the scope of the search in that action, and indeed it appears that the multiple searches in the earlier action capture records responsive to the request at issue in this suit, and thus Plaintiff already has obtained the bulk of the records that Plaintiff seeks through this action to have the Court compel disclosure.

This Court thus may wish to consider whether these matters should be designated as related pursuant to LCvR 40.5(a)(3), which deems suits to be related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent. Here, the cases involve "common issues of fact." Although there are additional defendants in this case, the claims against USCIS are the same, and the Plaintiff, although represented by different counsel, is the same. Considering this, if the Court concludes that the two suits are related, it may wish to have the instant suit reassigned to Judge Chutkan so that the District Court is not burdened with duplicative claims by the same party and so that questions that are common to both actions may be addressed efficiently and consistently.

Plaintiff does not acknowledge its other pending suit against USCIS, and to date has not filed any notice with the Court regarding the overlapping nature of the pending matters, even though undersigned notified counsel for Plaintiff in this matter of the overlap. Critically, in the matter pending before Judge Chutkan, Plaintiff suggested additional searches for communications from Lee Greenwood and/or his team to USCIS regarding USCIS' alleged improper use of "God Bless the USA." *See* June 15, 2022, Joint Status Report ¶ 12, ECF No. 14, in *Partially Important Prods. I* ("On May 5, 2022, Plaintiff sent to Defendant a list of email addresses and associated inboxes to search for records[.]"). USCIS provided responsive records to Plaintiff, conducted numerous searches, including supplemental searches at Plaintiff's request, and the parties thereafter entered into a joint stipulation. That stipulation provided, in pertinent part:

4. In exchange for USCIS' performance of paragraphs 1-3, herein, Plaintiff agrees to the following:

a.    Plaintiff forever waives any and all claims, including any litigation or administrative proceedings (excepting its demand for fees arising from this Request and action) that Plaintiff brought or could have brought against USCIS regarding any and all records searches that USCIS conducted or will conduct in response to Plaintiff's FOIA request number COW2020000130.

b.    Plaintiff will not challenge the adequacy of USCIS's searches for records responsive to Plaintiff's FOIA request number COW2020000130, and Plaintiff will not dispute in any tribunal USCIS' searches for records responsive to this Request.

c.    Plaintiff agrees that USCIS no longer has an obligation to search for or produce any records responsive to Plaintiffs' FOIA request number COW2020000130, with the exception of the records productions described in paragraphs 1-3 herein.

d.    Plaintiff agrees that USCIS has no future obligation to search for and/or produce records to Plaintiff that USCIS has already produced in redacted form, will produce pursuant to this stipulation, or expressly identified to Plaintiff as being withheld in this case. Except for records already-produced, to be produced, or identified as withheld in this case, nothing in this agreement shall serve as a defense or a basis to withhold or redact any records or refuse to conduct any searches in response to any other current or future FOIA requests Plaintiff submits or has submitted.

*See* Joint Stip., ECF No. 26 (D.D.C. filed June 13, 2023) in *Partially Important Prods. I*. Pursuant to the stipulation, USCIS made a supplemental records production following completion of the additional records searches requested by Plaintiff. *See* June 20, 2023, Joint Status Report ¶ 19, ECF No. 27 in *Partially Important Prods. I* ("Defendant reports that it is working on the supplemental production addressed in the Joint Stipulation. The supplemental production is due within 10 business days of the filing of the stipulation, which is June 28, 2023."); *see also* Aug. 7, 2023, Joint Status Report ¶ 19, ECF No. 28 in *Partially Important Prods. I* ("On or before June 28, 2023, Defendant made the supplemental production addressed in the Joint Stipulation."). In *Partially Important Prods. I*, the parties have not yet come to a complete resolution on the merits of Plaintiff's claims. But plainly, an issue in the instant suit will be the extent to which the prior (but still pending) litigation precludes Plaintiff's new claims against USCIS.

In sum, because the scope of USCIS's search and the responses to Plaintiff's overlapping FOIA request in *Partially Important Prod. I* remain in litigation in a separate proceeding in this Court, these two cases involve common issues of fact within the meaning of the local relatedness rule. The burden on this Court's limited resources will be minimized and potentially inconsistent rulings avoided if the cases are deemed related and assigned to the same Judge.

*    *    *

Dated:  September 27, 2023
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*